SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **3:25-cr-00436-AB** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **EVELYN HERNANDEZ-CRUZ,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 10 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant, a street-level fentanyl dealer, was involved in selling an incredibly addictive, destructive, and deadly poison. Given the nature of the case, defendant's advisory sentencing guidelines, the societal harm caused by fentanyl, and the defendant's personal history and characteristics the government believes the requested sentence is both reasonable and justified. The defendant will also be deported to Honduras as a result of her arrest and conviction.

**Government's Sentencing Memorandum** **Page 1**

**A.      Summary of Proceedings.**

The defendant was arrested on September 25, 2025, when she showed up to deliver fentanyl to a law enforcement informant.  On September 30, 2025, she made her initial appearance in federal court on a criminal complaint.  On October 21, 2025, she was indicted by the grand jury.  On January 20, 2026, the defendant pled guilty to Count 1 of the Indictment which charged her with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).  The maximum sentence the Court may impose is a term of 20 years' imprisonment, fine of $1,000,000, and at least three years of supervised release.  There is also a $100 fee assessment.

A Presentence Report (PSR) has been completed.  The government has no objection to the PSR and believes the facts underlying the defendant's count of conviction (PSR ¶¶ 16 - 20); Sentencing Guideline calculations (PSR ¶¶ 25 - 34); and, criminal history, pending cases, and prior arrests (PSR ¶¶ 36 - 41) are accurately outlined in both the PSR and plea agreement.  The defendant has no prior convictions.  PSR ¶ 37.  In her plea agreement defendant admitted that:

> [O]n or about September 25, 2025, here within the District of Oregon, she possessed approximately 43.4 gross grams of fentanyl that was packaged in three separate bags and that the fentanyl was possessed for purposes of further distribution.  Trained drug investigators would testify that the amount of fentanyl possessed indicated it was possessed for purposes of further distribution.  Fentanyl is a Schedule II controlled substance.

Plea Agreement ¶ 6.

**B.      Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines.  18 U.S.C. § 3553(a)(4).  "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind

**Government's Sentencing Memorandum**                                                          **Page 2**

throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

Based upon the amount of fentanyl the defendant possessed with intent to distribute and in an effort to account for the estimated weight of the packaging material the fentanyl was found within, the parties have conservatively estimated that she possessed between 32 and 40 grams of fentanyl for initial Base Offense Level is 22, pursuant to U.S.S.G. § 1B1.3 and 2D1.1(a). PSR ¶ 25, Plea Agreement ¶ 8. This offense level was also adopted by the PSR.

Because the defendant satisfies the "safety valve" criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18), the government and U.S. Probation Office are asking the Court to grant her a two-level downward departure in her Sentencing Guidelines. PSR ¶ 26, Plea Agreement ¶ 9.

Because the defendant qualifies as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1, the parties will recommend a two-level downward departure in defendant's Sentencing Guidelines range. PSR ¶ 31, Plea Agreement ¶ 10.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in her offense level. PSR ¶¶ 32 - 33, Plea Agreement ¶ 11.

Prior to any additional departures or variances, the defendant's initial Adjusted Offense Level is 15. With a Criminal History Category of I, defendant's initial advisory sentencing guideline range is 18 to 24 months' imprisonment.

///

**Government's Sentencing Memorandum**                                    **Page 3**

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about her desire to resolve her case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a three-level downward variance in her overall offense level.  Plea Agreement ¶ 12.  The U.S. Probation Office has concurred in the request for a variance.  PSR Sentencing Recommendation at *1.

A three-level 3553(a) reduction would result in an Adjusted Offense Level of 12 and with a Criminal History Category of I, and advisory sentencing guideline range of 10 to 16 months' imprisonment.

Defendant has been in federal custody since her arrest on September 25, 2025.

**C.      Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), we ask the Court to impose a sentence of 10 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant was selling fentanyl, an extremely addictive, destructive, and deadly poison that has been devastating the community.  According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region.  In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho.  Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's.  Together, these two substances accounted for 41.3% of overdose fatalities in both states.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2026 THREAT ASSESSMENT, 2025, at 5 (https://oridhidta.org/reports).

///

**Government's Sentencing Memorandum**                                                    **Page 4**

The death toll from fentanyl is truly frightening.  For Americans aged 18 to 45, overdoses – primarily the result of illicit fentanyl – remain the leading cause of death.  *CDC Reports Nearly 24% Decline in U.S. Drug Overdose Deaths*, CDC NEWSROOM (Feb. 25, 2025); *DEA Administrator on Record Fentanyl Overdose Deaths,* GET SMART ABOUT DRUGS (August 17, 2024).  In 2022, within the United States, fentanyl was responsible for an average of more than 200 deaths every day and a total of 73,654 people died from fentanyl overdoses.  *Are Fentanyl Overdose Deaths Rising in the U.S.*, USAFACTS (Sept. 27, 2023).  Here in Oregon, between 2015 and 2021, Oregon experienced a 932% increase in fentanyl overdose deaths.  *Fentanyl by State Report*, FAMILIES AGAINST FENTANYL (Feb. 4, 2023).  In 2022, Oregon alone experienced a total of 839 fentanyl related overdose deaths.  OREGON HEALTH AUTHORITY OREGON DEPARTMENT OF EDUCATION FENTANYL & OPIOID RESPONSE TOOLKIT FOR SCHOOLS (January 2024).  In 2023, within Oregon there were 1,833 overdose deaths, and of those 1,272 were the result of synthetic opioids, such as illicit fentanyl.  *Oregon Overdose Prevention Dashboard*, OREGON HEALTH AUTHORITY (May 1, 2025).  In 2023, "Oregon had the highest rate of increase in fentanyl deaths in the nation with a one-year increase of more than 67[%], compared to a national average of 5[%]."  *Oregon, Washington see largest increases in fentanyl deaths since last year*, KPTV 12 (Sept. 26, 2023).

Even with the most recent decreases in overdose deaths, both nationally and in Oregon, "[f]entanyl continues to be the primary cause of drug overdose deaths in the United States," to include here within Oregon.  *Fentanyl Continues to Be the Leading Cause of Overdose Deaths. What's Being Done to Combat Trafficking into the United States?,* WATCHBLOG: FOLLOWING THE FEDERAL DOLLAR, U.S. GOVERNMENT ACCOUNTABILITY OFFICE (Sept. 4, 2025); *Oregon*

**Government's Sentencing Memorandum**                                   **Page 5**

*overdose deaths are down, CDC data shows,* OREGON HEALTH AUTHORITY (May 16, 2025) (While "Oregon's overdose deaths decreased 22% between December 2023 and December 2024, a trend similar to that experienced nationwide . . . The count is still much higher than pre-pandemic years, with 1,480 deaths within that one-year time span, CDC data show."); *U.S. Overdose Deaths Decrease Almost 27% in 2024,* NATIONAL CENTER FOR HEALTH STATISTICS, U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC) (May 14, 2025)( https://www.cdc.gov/nchs/pressroom/ releases/20250514) (in 2024 "there were there were an estimated 80,391 drug overdose deaths in the United States – a decrease of 26.9% from the 110,037 deaths estimated in 2023" and of those deaths, in  2023, 76,282 involved synthetic opioids (fentanyl) and in 2024, 48,422 involved synthetic opioids (fentanyl)).

While the government recognizes that the defendant was a street-level dealer and nowhere near being the leader of a drug trafficking group or trafficking substantial quantities of fentanyl, she was nevertheless selling an extremely deadly poison to the users on the street. Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 10 months' imprisonment is reasonable.  We ask the Court to impose it, to be followed by a three-year term of supervised release.

**Government's Sentencing Memorandum**                                                    **Page 6**

There are no counts to be dismissed.

There is an appeal waiver.

Following her time in custody the defendant will be deported to Honduras.

Dated: March 26, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney


/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney